LUELLA ZACHARIASEN, Claimant and Appellant, v. VERN and MARY MEEKS, Defendants and Respondents, and GREAT AMERICAN INDEMNITY COMPANY, Defendant and Respondent.

No. 9883.

Submitted Feb. 9, 1958. Decided March 19, 1958.

322 Pac. (2d) 1115.

Goldman & Jordan, Lee A. Jordan, Missoula. Lee A. Jordan argued orally for appellant.

Smith, Boone & Rimel, William T. Boone, Missoula. William T. Boone argued orally for respondent.

THE HONORABLE VICTOR H. FALL, District Judge, sitting in place of MR. JUSTICE BOTTOMLY:

This is an appeal from a judgment affirming an order of the Industrial Accident Board which denied further compensation to the claimant, appellant herein.

The record discloses the following facts:

On January 6, 1955, Luella Zachariasen suffered an accident while working as an employee at the Frontier Lounge at Missoula, Montana. Claim was made for benefits, and after a hearing held on December 14, 1955, the Board, on December 27, 1955, awarded her disability which award expired December 15, 1956.

Thereafter, and on January 9, 1957, claimant filed her petition for "granting of further compensation," such petition was heard June 12, at which hearing additional testimony was taken. On July 1, the Board made its order denying further compensation. Petition for rehearing was filed July 15, and denied July 22. Notice of appeal was filed July 24.

On August 12, and while the appeal was pending, claimant, through her attorneys, served notice in writing upon respondent that the deposition of Dr. Howard M. Clemmons would be taken in Butte, Montana, on August 26, at a time and place stated. This notice was supported by affidavit. No question is raised as to the adequacy of the affidavit or the timeliness of the notice. At the time and place stated in the notice, the deposition of Dr. Clemmons was duly taken. Respondent was represented by counsel present at the time. At the outset, Mr. Boone, of counsel for respondent, made the following objection: "Just a moment, please. For the purpose of the record, the Defendant Employer and Insurer object to the taking of this Deposition on the ground and for the reason that there is no authority for the taking of the same in the case in its present status, and the Defendant and Insurer therefore object to this Deposition being taken."

Thereafter, an extensive deposition was taken relating to a physical examination made by Dr. Clemmons of claimant on July 30, 1957.

On September 12, the appeal came on for hearing before the district court. The record discloses that at the outset of the hearing, respondent moved to suppress the deposition of Dr. Clemmons "on the grounds and for the reason that at the time the said deposition was taken and at all times since then, and at this time, there is no authority for the taking of the deposition in this case as it is in its present status, and should on that ground be suppressed and stricken from the files." The court took the motion to suppress under advisement.

Next, the claimant moved the court "for permission in this case to offer additional evidence" and stated the reasons therefor. After objection on the part of respondent, and colloquy between counsel and the court, this ruling was made: "The Court: I will let you present such evidence as you have, subject to the ultimate ruling on his motion."

The deposition was again offered, and upon objection, the

court took the matter under advisement. Thereupon, the claimant was duly sworn and testified regarding her physical condition subsequent to the hearing before the Board, and was cross-examined by counsel for respondent. The court then stated that the matter would be taken under advisement.

The next proceeding was in chambers, held on September 13, at which time claimant moved the court for permission "to take" the deposition of Dr. Clemmons. The court thereupon:

1. Upon the authority of Best v. London Guarantee & Acc. Co., 100 Mont. 332, 47 Pac. (2d) 656, made its ruling sustaining the motion to suppress the deposition;

2. Overruled the objection to the introduction of "additional evidence" which consisted, as stated above, of the testimony of the claimant;

3. Asked for argument on the question if such oral testimony was sufficient to reverse the finding and ruling of the Board; and

4. Denied claimant's motion "to take" the deposition of Dr. Clemmons.

Judgment affirming the order of the Board was entered September 17, 1957.

Error is charged in the court's action:

1. In suppressing the deposition of Dr. Clemmons, and

2. In refusing claimant permission to retake the deposition of Dr. Clemmons.

It is clear from the record that the court below made the two rulings complained of upon the authority of Best v. London Guarantee & Acc. Co., supra. It is quite true that this court did rule in that particular case that the insurance carrier waived any objection to the admission of the depositions by not making timely objection and moving to suppress before the start of the trial before the district court. Respondent, as well as the court below, may well have construed this opinion as holding that before a deposition can properly be taken on an appeal from an Industrial Accident Board ruling, the claimant

must, as a condition precedent, have permission from the trial court to present "additional testimony." We believe and hold that this court intended no such far-reaching rule.

R.C.M. 1947, sec. 92-838, provides: "Whenever this act or any part or section thereof is interpreted *by a court, it shall be liberally construed by such court.*" Emphasis supplied. We held this to be a specific mandate in Koppang v. Sevier, 101 Mont. 234, 245, 53 Pac. (2d) 455, and in Grief v. Industrial Accident Fund, 108 Mont. 519, 526, 93 Pac. (2d) 961, that this meant liberal construction in favor of the claimant. See also Tweedie v. Industrial Accident Board, 101 Mont. 256, 263, 53 Pac. (2d) 1145; Murphy v. Anaconda Co., 133 Mont. 198, 321 Pac. (2d) 1094; Morgan v. Industrial Accident Board, 133 Mont. 254, 321 Pac. (2d) 232.

When an appeal is taken from a ruling of the Industrial Accident Board, the trial court must determine whether to permit additional testimony or not. There are many instances where under the particular facts present, no additional testimony would be proper and in such case, the appeal would be decided on the record. However, when the trial court, as here, in the exercise of its discretion does permit "additional testimony," then the trial becomes one *"de novo"* and the claimant should be permitted to offer any relevant testimony in support of her claim to compensation. Furthermore, in such event when the claimant, prior to the time set for the hearing or trial by the court, elects to take depositions on timely notice, there is every reason to admit such deposition in the interest of prompt disposition of the appeal, and none for refusing the same.

Certainly, no useful purpose would be served by the retaking of the deposition of Dr. Clemmons. The ruling of the trial court in permitting the introduction of "additional evidence" was discretionary and is not subject to review. See Sykes v. Republic Coal Co., 94 Mont. 239, 244, 22 Pac. (2d) 157; Woin v. Anaconda Copper Mining Co., 99 Mont. 163, 43 Pac. (2d) 663.

As was said in the Sykes case, supra [94 Mont. 239, 22 Pac.

(2d) 159] : "Here the very purpose of the appeal was to test the correctness of the board's order limiting the period of payment, on the assumption that the claimant's disability would disappear within a given time. For this purpose it was necessary that the court be advised as to the claimant's condition at the time of the expiration of the period fixed and at the time of the trial. No error was committed either in granting the leave to introduce, or the reception of, the evidence bringing the record of fact conditions 'up to date'."

Certainly the physical condition of the claimant at the time of the hearing before the court below was most important in determining the correctness of the Board's "assumption that the claimant's disability would disappear within a given time."

Nothing herein contained shall be construed as being any ██ determination that the claimant is entitled to further compensation. The ruling is only that the court below erred in not receiving and considering the deposition of Dr. Clemmons at the time of the trial.

The judgment is reversed and the cause is remanded for a new trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.